UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICARDO L.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 23-cv-02030-GC

**ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 16]**

Before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Matthew Holmberg, counsel for Plaintiff Ricardo L. ("Plaintiff"). (ECF No. 16.) Plaintiff was served with a copy of the motion. (*Id.*)  The Commissioner of Social Security ("Commissioner") filed a Response to the motion and "neither support[ed] nor oppose[d] counsel's request for attorney's fees under 42 U.S.C. § 406(b)." (ECF No. 20.)  For the reasons set forth below, the motion is **GRANTED IN PART**.

I.    BACKGROUND

On November 2, 2023, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. (ECF No. 1.)  On January 3, 2024, the Commissioner filed the Administrative

Record.  (ECF No. 9.)  Approximately one month later, and with no further filings or briefing in this case, the parties filed a Joint Motion Stipulating to Voluntary Remand on February 15, 2024.  (ECF No. 11.)  The Honorable Karen S. Crawford granted the parties' Joint Stipulation, vacated the Commissioner's final decision, and remanded for further proceedings.  (ECF Nos. 12, 13.)

On March 29, 2024, the parties filed a Joint Motion requesting that the Court award Plaintiff attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920.  (ECF No. 14.)  The Court granted the Joint Motion and awarded Plaintiff attorney's fees and expenses in the amount of $1,800.  (ECF No. 15.)

On remand, the Social Security Administration ("SSA") issued a fully favorable decision to Plaintiff on April 21, 2025, finding that Plaintiff became disabled on October 22, 2020.  (ECF No. 16-2 at 9.)  On October 22, 2025, the SSA notified Plaintiff that he was entitled to $96,654 in past-due benefits.  (ECF Nos. 16 at 5, 16-3.)  The SSA withheld $24,163.50 from Plaintiff's past-due benefits in case they needed it to pay Plaintiff's representative.  (ECF No. 16-3.)

In the instant motion, Plaintiff's counsel requests that the Court order $16,800 as payment of attorney's fees, payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC, and order reimbursement to Plaintiff in the amount of $1,800, which is the amount of EAJA fees previously awarded to Plaintiff and assigned to counsel.

## II.    LEGAL STANDARD

42 U.S.C. § 406(b) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

///

23-cv-02030-GC

The statute does not instruct the district court as to how counsel's fees should be calculated. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). With respect to Section 406(b), the U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, in cases in which a contingency fee agreement exists, a district court should first look to the contingency fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved." *Id.* The Ninth Circuit subsequently explained that when analyzing the reasonableness of a fee award, a court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). To this end, the Supreme Court has explicitly provided:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. Thus, in awarding fees, a district court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151 (emphasis in original).

///

23-cv-02030-GC

"[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht,* 535 U.S. at 798 n.6. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148 (citation omitted).

The EAJA also permits an attorney to receive fees for successful Social Security representations. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (second alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186); *see also Parrish*, 698 F.3d at 1218 ("[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [28 U.S.C.] § 2412 if the two were for the 'same work.'").

## III.    DISCUSSION

### A. Plaintiff's Contingency Fee Agreement Satisfies Statutory Requirements.

Pursuant to *Gisbrecht,* the Court must first look to see if a proper contingency fee agreement exists in this case. 535 U.S. at 808. Plaintiff's representation agreement provides that "the fee for successful prosecution of this matter is a separate 25% of the past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 16-1 at 1 (emphasis removed).) Counsel now seeks $16,800 in attorney's fees for work before the Court, which constitutes 17.38% of Plaintiff's past-due benefits. (*See* ECF Nos. 16 at 5, 16-3.) The contingency fee agreement satisfies statutory requirements, and the requested fee falls below the 25% statutory ceiling. *See* 42 U.S.C. §

4

406(b); *Gisbrecht*, 535 U.S. at 807.  Therefore, the Court must analyze the character of counsel's representation and the results achieved to determine whether counsel's requested fee is reasonable.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148.

**B. Counsel's Requested Hourly Rate is Unreasonable.**

*Gisbrecht* instructs that, where "the benefits are large in comparison to the amount of time counsel spent on the case," the resulting contingency fee can be unreasonable such that "a downward adjustment is . . . in order."  535 U.S. at 808.  On remand, the SSA issued a fully favorable decision to Plaintiff, and awarded past-due benefits of $96,654.  (ECF Nos. 16-2 at 9, 16-3.)  Counsel requests $16,800 of those past-due benefits in attorney's fees as compensation for his successful representation. (ECF Nos. 16 at 5, 16-3.)  However, counsel spent only 5.68 hours, and his paralegals only 2.82 hours, representing Plaintiff before the Court from September 2023 to March 2024.  (ECF No. 16-4.)  This yields a *de facto* attorney hourly rate of $2,957.75 and combined hourly rate of $1,976.47.  (*Id.*)

Counsel "must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807; *see also Crawford*, 586 F.3d at 1149.  There is no evidence that the underlying issues here were so complex or novel as to justify a *de facto* attorney hourly rate of approximately $3,000.  The issues raised in the complaint—namely, that the Administrative Law Judge ("ALJ") erred in assessing Plaintiff's symptom testimony, residual functional capacity, and a medical opinion—are common across the vast majority of social security disability cases.  *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023); *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).  Plaintiff's severe mental impairments of major depressive disorder and anxiety disorder in the ALJ's decision are also fairly common in social security disability cases.  *See* § 28:12. Mental disorders and GAF, 3 Soc. Sec. Disab. Claims Prac. & Proc. § 28:12 (2nd ed.).  With such straightforward

///

///

///

///

23-cv-02030-GC

issues, the parties were able to jointly move for voluntary remand before completing any merits briefing. (ECF No. 11.)[1]

The Court recognizes the contingent nature of counsel's representation and the fact that counsel will receive no percentage of Plaintiff's future benefits. However, counsel failed to cite any authorities in this District (or elsewhere) that suggest the requested *de facto* rates are reasonable.[2] (*See* ECF No. 16 at 9.) Such high rates appear to be an outlier in this District. *See, e.g., Clinton S. v. King*, No. 21-cv-1359-MMP, 2025 WL 297033, at *3–4 (S.D. Cal. Jan. 24, 2025) (finding a $1,787.31 *de facto* combined hourly rate disproportionate to 11.19 hours billed and reducing the rate to $1,340.48); *Michelle H. v. Berryhill*, No. 18-cv-2328 JLS (RNB), 2022 WL 1138146, at *3 (S.D. Cal. Apr. 18, 2022) (finding a $1,134 *de facto* combined hourly rate disproportionate to 27.5 hours billed and reducing the rate to $907.76).

Here, counsel spent only 0.8 hours reviewing the ALJ's decision and appellate denial letter, 1 hour preparing Plaintiff's complaint, and 2.3 hours reviewing the record and drafting a settlement letter. (ECF No. 16-4.) Otherwise, counsel spent approximately 1 hour over three days preparing a joint motion to voluntarily remand this case, and

---

[1]    Notably, on remand to the SSA, a different ALJ found Plaintiff disabled at Step Three, finding that Plaintiff's mental impairments met or medically equaled several Listings. (ECF No. 16-2.) This suggests clear error in the ALJ decision before the Court.
[2]    The highest *de facto* attorney hourly rate awarded that counsel cited is $2,433 from the Eastern District of New York. (ECF No. 16 at 10 n.5 (citing *Kazanjian v. Astrue*, No. 09 civ. 3678 BMC, 2011 WL 2847439 (E.D.N.Y. July 15, 2011)). This *de facto* attorney hourly rate is notably less than the requested rate here of $2,957.75. Moreover, unlike the present case, counsel in *Kazanjian* filed a "non-boilerplate" complaint, merits brief, reply brief, reviewed the record and the Commissioner's opposition brief, and performed all the attendant tasks and communications to those efforts within 19.75 hours. *Kazanjian*, 2011 WL 2847439, at *2. The court awarded counsel in *Kazanjian* for his efficiency considering his expansive work and the complex administrative record. *Id.* Here, there is no indication that the record was complex. (*See* ECF No. 9.) Counsel simply filed the complaint before jointly moving to voluntarily remand the case. (ECF Nos. 1–11.) Counsel's 5.68 hours billed suggest this case's simplicity rather than counsel's efficiency.

23-cv-02030-GC

approximately 0.5 hours preparing the EAJA fee request. (*Id.*) Charging Plaintiff a *de facto* attorney hourly rate of approximately $3,000 is unreasonable given counsel's limited representation before the Court. *See Gisbrecht*, 535 U.S. at 808 (counsel's billing records may aid the Court in assessing the reasonableness of the fee yielded by the fee agreement); *see, e.g.*, *Douglas K. T. v. Kijakazi*, No. ED CV 18-1702-E, 2022 WL 18231787, at *3-4 (C.D. Cal. Nov. 28, 2022) (adjusting counsel's requested fee downward from a *de facto* attorney hourly rate of $2,839.50 to $1,500 considering, in part, that counsel "spent only 11.75 hours representing Plaintiff before the Court").

This case's simplicity, minimal filings and motion practice, lack of merits briefing, few hours billed, and smaller award of past-due benefits make it distinguishable from cases in this District where the Court found a high *de facto* rate to be reasonable. *See, e.g.*, *Vivian M. v. Bisignano*, No. 20-cv-1827-SBC, 2026 WL 350768, at *2–3 (S.D. Cal. Feb. 9, 2026) (approving $2,024.26 *de facto* attorney hourly rate considering the non-combined nature of the rate, 20.8 hours billed, and counsel's extensive representation resulting in $168,419 in past-due benefits); *Theresa Y. v. O'Malley*, No. 21-cv-0814-AGS, 2025 WL 1265863, at *1–2 (S.D. Cal. May 1, 2025) (approving $2,050.28 *de facto* combined hourly rate considering 22.2 attorney and paralegal hours billed and counsel's extensive representation resulting in $182,065 in past-due benefits); *Reddick v. Berryhill*, No. 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving $1,990 *de facto* combined hourly rate considering 21.6 attorney and paralegal hours billed, full merits briefing, counsel's evaluation of new and material evidence, and $221,000 awarded in past-due benefits).

Counsel cites a survey of consumer law attorney hourly rates between $534 and $787 for work performed in the Los Angeles area between 2017 and 2018. (ECF No. 16-7 at 28.) Counsel also cites complex federal litigation attorney hourly rates between $467 and $807 according to the 2023 USAO Fitzpatrick Fee Matrix, and $473 and $1,141 according to the 2025 Laffey Matrix for work performed in the Washington, D.C. area. (*Id.* at 43-43, 46.) Counsel's suggestions regarding out-of-district hourly rates in areas of law that he did

23-cv-02030-GC

not practice in this case do not persuade the Court that his requested fee is reasonable. Even utilizing counsel's benchmarks, the *de facto* attorney hourly rate here of $2,957.75 is 2.59 times the highest hourly rate cited of $1,141. If the Court factored in paralegal time, the *de facto* combined hourly rate here of $1,976.47 is still 1.73 times the highest rate cited. *See Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020) (affirming reduction in requested fees based in part on the "significant disparity" between the requested *de facto* hourly rate and the highest reported median rate for consumer law attorneys).

Counsel assumed some risk of non-payment by taking on this contingency fee case. However, that risk in this case was not so high as to justify a significant departure from the fees that this Court has consistently found to be reasonable. *See Maud A. v. O'Malley*, No. 22-cv-1505-LR, 2024 WL 4439259, at *3 (S.D. Cal. Oct. 7, 2024) (citing *Watkins v. O'Malley*, No. 21-cv-101-BLM, 2024 WL 2702444, at *1–2 (S.D. Cal. May 24, 2024); *Satariano v. Saul*, No. 21-cv-548-BLM, 2023 WL 7390841, at *1–2 (S.D. Cal. Nov. 7, 2023); *Roland S. v. Kijakazi*, No. 20-cv-01068-AHG, 2023 WL 6966153, at *1, *3 (S.D. Cal. Oct. 20, 2023). Indeed, the proffered rate is higher than what counsel has previously accepted in this District. *See Richard N. v. Bisgnano*, No. 23-cv-01456-GC, 2026 WL 1697080, at *3 (S.D. Cal. June 11, 2026) (*de facto* combined and attorney hourly rates of $730.27 and $905.11); *Felice F. v. O'Malley*, No. 22-cv-1394-DEB, 2024 WL 4924247, at *2 (S.D. Cal. Nov. 27, 2024) (*de facto* combined and attorney hourly rates of $631.73 and $764.71). Although Plaintiff received a fully favorable decision from the SSA on remand, it does not appear that this case was exceptional such that an outsized fee award is warranted. The Court therefore finds that the requested fee would result in a "windfall" to counsel and that a reduction in fees is warranted under a reasonableness analysis. *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

### C. A Downward Adjustment of Counsel's Hourly Rate Is Appropriate.

Consequently, the Court must consider the manner by which to reduce the requested amount to award a reasonable fee. *Gisbrecht* leaves the manner of reduction to the district court's broad discretion. 535 U.S. at 808. "Judges of our district courts are accustomed to

8

making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.* A court must simply provide a "concise but clear explanation of its reasons for the fee award." *Crawford*, 586 F.3d at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Here, the Court finds that reducing the *de facto* combined hourly rate in this case from $1,976.47 to $1,600 would be reasonable. *See Maud A.*, 2024 WL 4439259, at *3 (collecting cases approving *de facto* combined and attorney hourly rates between $1,300 and $1,600 where the parties agreed to a voluntary remand and plaintiffs received a substantial award of past-due benefits). In his Motion, counsel requested a fee of $16,800, which constitutes 17.38% of Plaintiff's past-due benefits and *de facto* combined and attorney hourly rates of $1,976.47 and $2,957.75. This adjustment results in a fee award of $13,600, which constitutes 14.07% of Plaintiff's past-due benefits and a *de facto* combined hourly rate of $1,600. Given the foregoing, the Court finds that a fee award of $13,600 is reasonable.

///
///
///
///
///
///
///
///
///
///
///
///
///

9

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).  The Court hereby awards to Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,600.  The Court further orders Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $1,800 for EAJA fees.

**IT IS SO ORDERED.**

Dated:  July 1, 2026

Hon. Guillermo Cabrera
United States Magistrate Judge

23-cv-02030-GC